# UNITED STATES AIR FORCE
# COURT OF CRIMINAL APPEALS

————————————

**No. ACM S32421**

————————————

**UNITED STATES**
*Appellee*

**v.**

**Jesse T. SMITH**
Airman First Class (E-3), U.S. Air Force, *Appellant*

————————————

Appeal from the United States Air Force Trial Judiciary

Decided 25 July 2017

————————————

*Military Judge:* Matthew P. Stoffel.

*Approved sentence:* Bad-conduct discharge, reduction to E-1, and a reprimand. Sentence adjudged 8 April 2016 by SpCM convened at Davis-Monthan Air Force Base, Arizona.

*For Appellant:* Captain Patricia Encarnación Miranda, USAF.

*For Appellee:* Major Meredith L. Steer, USAF; Gerald R. Bruce, Esquire.

Before MAYBERRY, HARDING, and C.BROWN, *Appellate Military Judges.*

Judge HARDING delivered the opinion of the Court, in which Senior Judge MAYBERRY and Judge C. BROWN joined.

————————————

**This is an unpublished opinion and, as such, does not serve as precedent under AFCCA Rule of Practice and Procedure 18.4.**

————————————

HARDING, Judge:

A special court-martial convicted Appellant of a single specification of wrongful use of amphetamine and a single specification of wrongful use of cocaine, both in violation of Article 112a, Uniform Code of Military Justice

(UCMJ), 10 U.S.C. § 912a.[1] Officer members sentenced Appellant to a bad-conduct discharge, reduction to E-1, and a reprimand. The convening authority approved the sentence as adjudged.

This case was submitted for our review on its merits and we find no prejudicial error. However, after reviewing the record of trial, and in particular the post-trial processing as it regards the application of Article 60(c), UCMJ, 10 U.S.C. § 860(c), we a have concern about one aspect of the staff judge advocate's recommendation (SJAR). We note that the offenses occurred after 24 June 2014 and therefore the limitations on convening authority action under the amended Article 60(c) apply. The SJAR, however, did not address in any meaningful way whether Article 60(c), UCMJ, limited the convening authority's discretion in taking action on this case. While the current version of Rule for Courts-Martial (R.C.M.) 1106 does not strictly require that an SJAR address those limitations,[2] we find wisdom in the guidance provided in Air Force Instruction 51-201, *Administration of Military Justice*, ¶ 9.16.3 that an "SJAR should contain a statement informing the convening authority what he/she cannot do under Article 60(c), UCMJ, for offenses committed on or after 24 June 2014 per Fiscal Year 2014 National Defense Authorization Act § 1702(b)."

It strikes us as axiomatic that a convening authority needs to understand what he/she can do before deciding what to do in taking action on a court-martial result. Indeed, the overarching purpose of the SJAR "is to assist the convening authority to decide what action to take on the sentence in the exercise of command prerogative." R.C.M. 1106(d)(1). So while R.C.M. 1106 does not strictly require the SJAR to address limitations on convening authority action, it does entrust the staff judge advocate with the discretion to include

---

[1] Appellant initially entered pleas of guilty to both specifications. In accordance with his plea to the wrongful use of cocaine, the military judge found Appellant guilty. The military judge, however, found Appellant's plea to the wrongful use of amphetamine improvident and entered a finding of not guilty. Subsequent to a trial on the amphetamine specification, the members found Appellant guilty.

[2] An SJAR at a minimum "shall provide the convening authority . . . the report of results of trial . . .; a copy or summary of the pretrial agreement; a copy of any statement submitted by a crime victim pursuant to R.C.M. 1105A; any recommendation for clemency by the sentencing authority made in conjunction with the announced sentence; and the staff judge advocate's concise recommendation." The SJAR shall also "state whether, corrective action on the findings or sentence should be taken when an allegation of legal error is raised in matters submitted" by an accused "or when otherwise deemed appropriate by the staff judge advocate." R.C.M. 1106(d)(3–4)

"any additional matters deemed appropriate by the staff judge advocate." R.C.M. 1106(d)(5). In light of the stated purpose of an SJAR, we deem the impact of Article 60(c), if any, on a convening authority's command prerogative an appropriate matter to include in every SJAR.

In this case, a bad-conduct discharge was adjudged. In accordance with Article 60(c), unless an exception applied, the convening authority did not have the authority to disapprove, commute, or suspend, in whole or part, the bad-conduct discharge. Appellant in his clemency submission acknowledged this limitation and requested the bad-conduct discharge be disapproved based on the substantial assistance exception of Article 60(c)(4)(B), 10 U.S.C. § 860(c)(4)(B). Appellant averred that he did provide substantial assistance.[3] The SJAR addendum generally advised the convening authority of the requirement to consider the matters submitted by Appellant, that the SJA had reviewed them, and that the SJA's recommendation to approve the findings and sentence as adjudged had not changed. The addendum did not, however, directly address whether the substantial assistance exception applied and, if it did, what the implications were.

Based on our review of the record, we have our doubts as to whether the convening authority truly understood the Article 60(c) limitations on his clemency authority or the potential applicability of the substantial assistance exception. While both the SJAR and addendum met the letter of the rules in terms of required contents, the absence of information regarding Article 60(c) is concerning. Nevertheless, we find that as trial counsel did not provide a recommendation in recognition of substantial assistance by Appellant in the investigation or prosecution of another person who had committed an offense as required by Article 60(c)(4), the exception did not apply. Therefore the convening authority did not have the authority to disapprove, commute, or suspend in whole or part, the bad-conduct discharge. The absence of Article 60(c) advice did not prejudice the appellant in this case.

The approved findings and sentence are correct in law and fact, and no error materially prejudicial to Appellant's substantial rights occurred, Articles 59(a) and 66(c), UCMJ, 10 U.S.C. §§ 859(a), 866(c).

---

[3] In his clemency matters Appellant states that he assisted in the investigation of two civilian drug dealers in Tucson, Arizona and the prosecution of another military member. His matters also included a request that the trial counsel "consider recommending, in recognition of substantial assistance by [Appellant]…that the adjudged bad conduct discharge be disapproved by the convening authority." Trial counsel did not provide the recommendation.

Accordingly, the approved findings and sentence are **AFFIRMED**.

FOR THE COURT

KURT J. BRUBAKER
Clerk of the Court